IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARCUS PIGGEE )
)
v. ) NO. 3:05-0531
) JUDGE CAMPBELL
GOODWILL INDUSTRIES OF )
MIDDLE TENNESSEE, INC. )

MEMORANDUM

Pending before the Court are Defendant's Motion for Summary Judgment (Docket No. 10) and Defendant's Motion to Strike Plaintiff's Response to Defendant's Statement of Undisputed Material Facts (Docket No. 20). For the reasons stated herein, Defendant's Motion for Summary Judgment is GRANTED, and Defendant's Motion to Strike is DENIED.

FACTS

Plaintiff filed this action against his former employer, Defendant Goodwill Industries, alleging race discrimination in violation of the Tennessee Human Rights Act ("THRA") (Tenn. Code Ann. §§ 4-21-101, *et seq.*) and Title VII (42 U.S.C. §§ 2000e, *et seq.*). Plaintiff contends that Defendant failed to promote him in June of 2003 and terminated his employment in November of 2004 because of his race, African-American.

Defendant has filed a Motion for Summary Judgment, arguing that Plaintiff's failure to promote claim is time-barred and Plaintiff's wrongful termination claim cannot be sustained. Defendant claims that it has articulated a legitimate, nondiscriminatory reason for firing Plaintiff and that Plaintiff cannot show that reason to be pretextual.

Defendant has also filed a Motion to Strike Plaintiff's Responses to Defendant's Statement of Undisputed Material Facts, contending that Plaintiff's Responses were untimely and not filed in compliance with the Local Rules of Court.

## MOTION TO STRIKE

Defendant asks the Court to strike Plaintiff's Response to Defendant's Statement of Undisputed Material Facts (Docket No 19) as untimely and not in compliance with the Local Rules of Court. The deadline for Plaintiff's Response to Defendant's Motion for Summary Judgment was August 31, 2006. Docket No. 8 (30 days after service of the Motion). Even though Plaintiff filed his opposition brief early, his Responses to the Statement of Undisputed Material Facts were filed within that August 31, 2006 deadline.

Plaintiff's Responses do go beyond the enumerated facts and they are often stated without legal citation, as pointed out by Defendant. The Court is able, however, to judge Plaintiff's Responses within the requirements of the Federal Rules and the Local Rules of Court in making its decision. For these reasons, Defendant's Motion to Strike (Docket No. 20) is DENIED.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## FAILURE TO PROMOTE CLAIM

Plaintiff concedes that his failure to promote claim is time-barred. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's failure to promote claim is GRANTED, and that claim is dismissed.

## WRONGFUL TERMINATION CLAIM

Assuming, for purposes of this Motion, that Plaintiff can establish a *prima facie* case of racial discrimination, the Court must look to whether Defendant has articulated a legitimate, nondiscriminatory reason for terminating Plaintiff's employment. McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817, 1824 (1973). The Defendant's burden is one of production only. Cross v. CCL Custom Mfg., Inc., 951 F.Supp. 124, 125 (W.D. Tenn. 1997). A reason is legitimate for purposes of the civil rights laws if it is nondiscriminatory, even if it is mean-spirited, ill-considered, inconsistent with humane personnel policies, or otherwise objectionable. Id. Here, the Court finds that Defendant has stated a legitimate, nondiscriminatory reason --- a pattern of unprofessional conduct --- for its decision to terminate Plaintiff's employment.

If Defendant meets this burden of articulation, then the burden shifts back to the Plaintiff to prove by a preponderance of the evidence that the reason proffered by the Defendant was not its true reason but merely a pretext for discrimination. McDonnell Douglas, 93 S. Ct. at 1824. Pretext may

3

be shown either directly by persuading the trier of fact that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1082 (6th Cir. 1994). Plaintiff may demonstrate that the Defendants' explanation was merely pretext by showing that: (1) the proffered reason had no basis in fact; (2) the proffered reason did not actually motivate the termination; or (3) the proffered reason was not sufficient to motivate the discharge. Smith v. Leggett Wire Co., 220 F.3d 752, 759 (6th Cir. 2000).

Even if the Plaintiff proves that Defendant's proffered reason is pretext, Plaintiff still bears the ultimate burden of proving that a discriminatory intent motivated the Defendant's actions. St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742, 2751-52 (1993). Throughout the case, the Plaintiff's burden is one of both production and persuasion. Cross, 951 F. Supp. at 125.

As noted above, the Defendant's articulated reason for firing Plaintiff is the totality or pattern of several acts of unprofessional conduct. Plaintiff attacks the credibility and/or severity of each alleged act individually in an attempt to show pretext.

For example, Defendant received complaints that Plaintiff was attempting to purchase merchandise in violation of company policy. Plaintiff does not dispute this allegation; but he argues that he simply *attempted* to purchase merchandise, so no policy was violated. Defendant also received complaints that Plaintiff was studying during work hours instead of working. Plaintiff again does not dispute this allegation; but he argues that his job duties left him with "down time," time to waste. Finally, Defendant received complaints that Plaintiff was socializing with other Goodwill employees too much and actually flirting with women at times. Despite having been counseled about this problem, Plaintiff continued to socialize at work. Plaintiff does not deny

4

socializing after being advised about it, but he disputes the extent of his socializing and whether it could be considered flirting.

An employer may make a subjective judgment to discharge an employee for any reason that is not discriminatory. Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 70 (6th Cir. 1982); Murphy v. Centerior Energy Corp., 1994 WL 573914 at ** 6 (6th Cir. Oct. 17, 1994). The aim of the Court is not to review bad business decisions or question the soundness of the employer's judgment. Id.

The Sixth Circuit has adopted an "honest belief" rule that protects employers against a finding of pretext when they have a reasonable basis for taking the adverse employment action at issue. Mulvin v. City of Sandusky, 320 F.Supp. 2d 627, 636 (N.D. Ohio 2004) (citing Smith v. Chrysler Corp., 155 F.3d 799 (6th Cir. 1998)). As long as the employer has an honest belief in its proffered nondiscriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual simply because it is ultimately shown to be incorrect. Majewski v. Automatic Data Processing, Inc., 274 F.3d 1106, 1117 (6th Cir. 2001). The "honest belief" doctrine protects employers when they base their decision on "particularized facts" and make an informed and reasonable decision based on those facts. Mulvin, 320 F.Supp. 2d at 637.

Here, Defendant has shown that its decision was based upon particularized facts found in complaints concerning Plaintiff's behavior and the investigation thereof. Thus, even if the ultimate conclusions were incorrect, which the Court specifically does not find, Defendant's honest belief protects it as set forth above.

The Court finds that Plaintiff has failed to identify a genuine issue of material fact as to whether Defendant's legitimate, nondiscriminatory reason was actually a pretext for racial

5

discrimination. Plaintiff offers only one argument that race was even a consideration in Defendant's decision, and that is the allegation that when Plaintiff was videotaped examining electronic items in a display case at one of Defendant's stores, a white employee, Ed Denton, was doing the same thing. Plaintiff contends that because Denton was not fired, race must have been a consideration.

Plaintiff has failed to rebut, however, Defendant's proof that it never received complaints about Mr. Denton trying to purchase merchandise in violation of company policy, studying during work hours, or exhibiting unprofessional work conduct. Docket No. 13. Mr. Denton's circumstances were not substantially similar to Plaintiff's. To make a comparison of a discrimination plaintiff's treatment to that of a non-minority employee, the plaintiff must show that the comparables are similarly situated in all respects. Mitchell v. Toledo Hospital, 964 F.2d 577, 583 (6th Cir. 1992). Plaintiff has not made such a showing.

Finally, Plaintiff contends that he needs additional discovery. This case has been filed for more than one year. The Case Management Order in this case (Docket No. 8) provides that the discovery deadline is June 15, 2006, and any discovery motions have to be filed by June 30, 2006. Plaintiff has not filed any motions to extend those deadlines or motions to compel further discovery. The Court finds that Plaintiff's contention concerning additional discovery is untimely and without merit.

For these reasons, Defendant's Motion for Summary Judgment on Plaintiff's wrongful termination claim is GRANTED, and that claim is dismissed.

CONCLUSION

Defendant's Motion for Summary Judgment is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

```
           Todd Campbell
_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE
```

7